*762 OPINION.
Hill:
The question at issue is whether the amounts which petitioner distributed to its shareholders at the end of the taxable year constituted additional cost of goods sold or were in the nature of dividends. Petitioner contends that the payment of $4,000 to the shareholders was not a dividend, but an adjustment of the purchase price of milk products sold to petitioner by the shareholders. It maintains that the payments could not be dividends, since they were not in proportion to stockholdings but were computed in accordance with contracts which were binding upon petitioner. Respondent argues that the $4,000 distribution was in effect a dividend consisting of the net profits earned by petitioner on sale of goods purchased from the shareholders. He asserts that treatment of the payment as part of the cost of goods sold would free from tax the entire earnings of petitioner attributable to goods purchased from the shareholders.
Counsel for petitioner concedes that petitioner is not a cooperative exempt from tax under section 101 of the Revenue Act of 1986. The problem before us is whether the $4,000 distribution is a proper addition to the cost of goods. We are of the opinion that it is not.
The facts in the instant case are similar to those considered by us in Peoples Gin Co., 41 B. T. A. 343; affd., 118 Fed. (2d) 72. There the petitioner was a corporation organized for the purpose of purchasing and operating a public cotton gin. Petitioner ginned cotton for both stockholders and nonstockholders at the same charge. After the profits for the taxable year had been earned the stockholders adopted bylaws providing that the net profits of petitioner allocable to cotton ginned for its shareholders should be divided among the shareholders in proportion to the number of bales of cotton ginned for each shareholder. We held that that distribution constituted the payment of a dividend and was not deductible in determining the taxpayer’s net income.
The facts in the present proceeding differ from those in the Peoples Gim. case in that the basis for the distribution here was established by - contracts entered into between petitioner and the shareholders. We believe, however, that this distinction is not material. The contracts were made by the shareholders with an entity of their own creation, an organization operated and controlled by them. The contracts provided that the bonus should consist of the entire net profit of petitioner “as and when declared by the directors” of petitioner. This provision, like that in the bylaws of petitioner in Peoples Gin Co., supra, had the effect of authorizing a dividend. The contracts, although binding on petitioner, might be changed with the same ease as bylaws in the Peoples Gin case.
*763 We consider that the distribution in question was made pursuant to the resolution of petitioner’s board of directors, but, even if it were made in accordance with provisions of the contracts, it would not be the less a dividend. In the recent case of Fontana Power Co., 43 B. T. A. 1090, we stated:
Neither are we impressed by petitioner’s argument that the payments involved here, made by petitioner to its stockholders for so many years, can not be considered as distributions in the nature of dividends because (1) they were made pursuant to a contract and not pursuant to the rights of the payees as stockholders, and (2) the distributions consisted of the net earnings and not the surplus profits technically available for dividends. We are persuaded that the contract was executed and the distributions were made for so many years pursuant thereto because the Fontana Co. and/or the Water Co. were the holders of all of the stock of petitioner (except qualifying shares). It was because of this latter fact that the arrangement proved so permanently satisfactory to petitioner’s controlling stockholders, and if we are to recognize the realities we must conclude that the ultimate reason for the distributions made to the Fontana Co. and/or the Water Co. was because, for all practical purposes, they were the sole stockholders of petitioner.
Here the distribution was made to tbe shareholders because they were shareholders. The nonshareholder who had a contract with petitioner was denied the advantages of the distribution and in fact received a smaller base price for her products under her contract than the shareholders. The distribution was a dividend despite the statement in the authorizing resolution to the contrary. A resolution of directors is not necessary for a distribution to have the effect of a dividend. Fontana Power Co., supra.
Petitioner argues that, since the distribution was not in proportion to shares held by the stockholders, it can not be considered a dividend. The authorities are clear, however, that a distribution of profits may be made on a basis other than stockholdings and still be a dividend distribution. Peoples Gin Co., supra; Lincoln National Bank v. Burnet, 63 Fed. (2d) 131; Kate Hudson, 34 B. T. A. 155; affd., 99 Fed. (2d) 630, certiorari denied, 306 U. S. 644. "We hold that the $4,000 distribution was in the nature of a dividend and hence can not be included as part of the cost of goods sold.

Decision will be entered for respondent.